IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JAMES H. CAPPS                                                         PLAINTIFF
ADC #119812

V.                      NO: 2:17CV00062 JLH/PSH

WYNNE, CITY OF, *et al.*                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff James H. Capps filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 14, 2017 (Doc. No. 1). On May 5, 2017, the Court entered an order directing Capps to submit the full $400.00 filing and administrative fees or file a fully completed and signed IFP application within 30 days. *See* Doc. No. 2. Capps was cautioned that failure to comply with the Court's order within that time would result in the recommended dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2).

On May 15 and May 23, 2017, mail sent to Capps was returned as undeliverable, and the envelopes were entered on the docket. *See* Doc. Nos. 3 & 4. On June 6, 2017, the Court entered

a text order. *See* Doc. No. 5. In the order, Capps was notified that the mail could not be delivered to him because he was no longer at the address he provided. Capps was directed to provide notice of his current mailing address by no later than thirty days from the entry of the June 6, 2017 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend dismissal of his complaint. A printed version of the text order was sent to him at his last known address. The envelope containing the text order could not be delivered to Capps because he was no longer at the address he provided; the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 6.

More than 30 days have passed, and Capps has not complied or otherwise responded to the May 5 or June 6 orders. Capps also failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT Capps' complaint (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE.

DATED this 10th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE